DOCKETED
NOV 21 2003

FILED-EDS
03 NOV 20 PH 4: 43
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO DISTRICT COUNCIL OF )
CARPENTERS PENSION FUND, CHICAGO )
DISTRICT COUNCIL OF CARPENTERS )
WELFARE FUND, the CHICAGO AND )
NORTHEAST ILLINOIS DISTRICT COUNCIL )
OF CARPENTERS APPRENTICE AND TRAINEE )
PROGRAM FUND, ) CIVIL ACTION
)
EARL J. OLIVER, JEFFREY ISAACSON, )
ROBERT QUANSTROM, DOUGLAS BANNISTER, )
MICHAEL SEXTON, J. STANLEY PEPPER, MELVIN )
GRAY, RICHARD BAGGIO, TIM COLEMAN, )
AND BENJAMIN A. JOHNSTON, as Trustees of )
the CHICAGO DISTRICT COUNCIL OF )
CARPENTERS PENSION FUND, )
)
EARL J. OLIVER, JEFFREY ISAACSON, MARTY )    **JUDGE MORAN**
UMLAUF, ROBERT QUANSTROM, DOUGLAS )
BANNISTER, MICHAEL SEXTON, J. STANLEY )
PEPPER, MELVIN GRAY, RICHARD BAGGIO, )
TIM COLEMAN, BENJAMIN A. JOHNSTON and TOM )    **MAGISTRATE JUDGE KEYS**
RAKOW, as Trustees of the CHICAGO DISTRICT )
COUNCIL OFCARPENTERS WELFARE FUND, )
)
EARL J. OLIVER, JEFFREY ISAACSON, BRUCE A. )
NELSON, RANDY R. MEYER, WILLIAM E. O'NEIL, )**03C 8351**
RICHARD A. BAGGIO, J. DAVID PEPPER, )
TODD H. HARRIS and ROBERT J. CORRIGAN, as )
Trustees of the CHICAGO AND NORTHEAST ILLINOIS )
DISTRICT COUNCIL OF CARPENTERS )
APPRENTICE & TRAINEE PROGRAM, )
)
                              Plaintiffs, )    CASE NO.
)
        v. )
)
THOMPSON'S COMMERCIAL FLOORING, INC., )
)
                              Defendant. )

1-1

## *COMPLAINT*

Plaintiffs, the Chicago District Council of Carpenters Pension Fund, et. al., by their attorneys, Amy Elizabeth Paluch Epton and Terrance B. McGann, complain of the Defendant, THOMPSON'S COMMERCIAL FLOORING, INC., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The CHICAGO DISTRICT COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO DISTRICT COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM (the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, successor of the CHICAGO DISTRICT COUNCIL OF CARPENTERS, (the "Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. The Defendant is an employer engaged in an industry affecting commerce which, on March 24, 1998 entered into an Agreement whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement or Agreements which require Defendant to pay monthly fringe benefit contributions to the Trust Funds. **(Exhibit A)**

4. The Defendant is an employer engaged in an industry affecting commerce, which entered into an Agreement whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement negotiated between the Union and the Mid-America Regional Bargaining

2

Association ("MARBA") for the period through, and to any Collective Bargaining Agreement subsequently negotiated between, the Union and MARBA. **(Exhibit A)**

5. The Defendant is an employer who subcontracts work covered under this Agreement to a person or proprietor who is not a signatory to this Agreement, and who, therefore, shall maintain daily records of the subcontractor's employees' jobsite hours, and is liable for payments to the Chicago District Council of Carpenters Welfare Fund, the Chicago District Council of Carpenters Pension Fund, the Chicago District Council of Carpenters Apprentice and Trainee Program, as provided in Articles XII, XIII and XIV of the Agreement.

6. The Agreement and the Collective Bargaining Agreements also bind the Defendant to the provisions of the Agreement and Declarations of Trust which created the Trust Funds (the "Trust Agreements").

7. Pursuant to the provisions of the Collective Bargaining Agreements, the Defendant is required to make contributions to the Trust Funds for each hour worked by its carpenter employees, at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

8. Defendant breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust Funds for the period January 1999 through December 2001, based upon the hours worked by employees and/or measured by the hours worked by subcontractors. The contributions owed to the Trust Funds as a consequence of this breach are as follows:

## *Amount Due*

CHICAGO DISTRICT COUNCIL OF
CARPENTERS WELFARE FUND ........................................................................$10,317.82

CHICAGO DISTRICT COUNCIL OF
CARPENTERS PENSION FUND .........................................................................$7,310.48

CHICAGO AND NORTHEAST ILLINOIS
DISTRICT COUNCIL OF CARPENTERS
APPRENTICE AND TRAINEE PROGRAM
FUND................................................................................................................$693.41

LABOR/MGMT UNION CARP. COOP........................................................................$0.00

**TOTAL DUE**...........................................................................................**$18,321.71**

9.   Plaintiffs have complied with all conditions precedent in bringing this suit.

10.   Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

11.   Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Defendant is required to pay liquidated damages, auditor fees, and all attorney fees and court costs incurred by the Trust Funds in the collection process.

12.   Defendant is obligated to pay the auditor fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2).

13.   Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a)   double interest; or

(b)   interest plus liquidated damages provided for under the Trust Agreements.

4

WHEREFORE, Plaintiffs pray:

A.    That the Defendant be required to pay fringe benefit contributions to the Trust Funds for the period January 1999 through December 2001 in the amount of $18,321.71.

B.    That the Defendant be ordered to pay double interest or interest plus liquidated damages in the amount of $3,664.34.

C.    That the Defendant be ordered to pay the reasonable attorney and auditor fees and costs incurred by the Plaintiffs.

D.    That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable, all at the Defendant's cost.

CHICAGO DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, et. al.

By: _____
AMY ELIZABETH PALUCH EPTON

Amy Elizabeth Paluch Epton
Attorney for Plaintiffs
Whitfield & McGann
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
312/251-9700

Our File No. N6280
F:\AMY\Carps\N6280 - Thompsons Commercial Flooring, Inc\Complaint.doc

# MEMORANDUM OF AGREEMENT



Firm    Thompson's Commercial Flooring, Inc.    Address    1851 East Fabyan Parkway

City    West Chicago    State  IL    Zip    60185    Phone    630/406-1770

THIS AGREEMENT is entered into between the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, COOK, DUPAGE, GRUNDY, IROQUOIS, KANE, KANKAKEE, KENDALL, LAKE, MCHENRY and WILL COUNTIES, ILLINOIS, hereinafter referred to as the "UNION" and

## THOMPSON'S COMMERCIAL FLOORING, INC.

its successors and assigns, hereinafter referred to as the "EMPLOYER".

This Agreement is made in consideration of the instant promises of the UNION and the EMPLOYER and the parties do hereby agree as follows:

1.    The EMPLOYER recognizes the UNION as the sole and exclusive bargaining agent for and on behalf of the Employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION. Prior to recognition, the EMPLOYER has reviewed valid evidence and agrees that the UNION is the exclusive designated Bargaining Representative of a majority of the appropriate bargaining unit employees of the EMPLOYER.

2.    The EMPLOYER and the UNION, hereby incorporate by reference and agree to be bound by the Area Agreements in effect on the date this document is executed through their respective expiration dates. Those Agreements include, but are not limited to, the following:

the Area Agreement negotiated between the UNION and the Mid-America Regional Bargaining Association (M.A.R.B.A.), the Addendum negotiated between the UNION and the Residential Construction Employers Council (R.C.E.C.) covering Cook, Lake and DuPage Counties, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Grundy County, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Will County, the Agreement negotiated between the Union and the Residential Construction Employers Council (R.C.E.C.) covering Will County, the contract negotiated between the UNION and the Kankakee and Iroquois County Contractors Association, the Agreement negotiated between the UNION and the Fox Valley Contractors Association, and the Residential Construction Employers Council (R.C.E.C.) covering Kane, Kendall and McHenry County, as well as any contracts

C:/Memorandum of Agreement.doc
Revised 1/97



EXHIBIT

A

negotiated between the UNION and other associations involved in various subtrades within the Union's occupational jurisdiction.

3.     The EMPLOYER agrees to be bound by the terms of the Trust Agreements of the Fringe Benefit Trust Funds to which contributions are required to be made under the Agreements referred to in numbered paragraph 2 hereof and all rules and regulations adopted by the Trustees thereof. The EMPLOYER further agrees to make prompt payments of the per hour contributions with respect to each Trust Fund for all Employees performing bargaining unit work and/or covered by the Agreement including nonbonded and nonsignatory subcontractors as required by the applicable provisions of each agreement.

4.     This Agreement and the adoption of the Area Agreement and Declarations of Trust referred to in paragraphs two and three above, shall be effective upon the date that this document is executed and remain in full force and effect to and including the expiration date of the respective Area Agreements adopted herein. Unless the EMPLOYER gives written notice to the UNION of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent agreements(s).

5.     EMPLOYER HEREBY ACKNOWLEDGES RECEIPT OF THE AREA AGREEMENT AS WELL AS COPIES OF THE AGREEMENTS INCORPORATED BY REFERENCE THEREOF FOR ALL TEN (10) COUNTIES.

IN WITNESS WHEREOF the parties have executed this Memorandum of Agreement the _____24TH_____ day of _____March,_____ 19 _98_

EMPLOYER: Thompson's Commercial     CHICAGO AND NORTHEAST ILLINOIS
_____ DISTRICT COUNCIL OF CARPENTERS
Flooring, Inc.

By: ___Cecil Thompson,_____President____
       (Print or Type Name)        (Title)

_____          _____
       (Signature)                        (District Council Officer)

2

C:/Memorandum of Agreement.doc
Revised 1/97



**Chicago and Northeast Illinois District Council of Carpenters**

United Brotherhood of Carpenters and Joiners of America (AFL-CIO)

Jurisdiction: Cook, DuPage, Grundy, Iroquois, Kane, Kankakee, Kendall, Lake, McHenry & Will Counties, Illinois

District Council Building, 12 East Erie Street, Chicago, Illinois 60611-2796

Telephone: 312/787-3076 Fax: 312/951-1540

Earl J. Oliver, President/Executive Secretary-Treasurer • Jeffrey Isaacson, First Vice-President

# FLOORING INSTALLATION ADDENDUM
# 1998 - 2001

Firm: ___THOMPSON'S COMMERCIAL FLOORING, INC.___

Address: ___1760 COMMERCE DRIVE___

City: ___MONTGOMERY___ State: __IL.__ Zip Code: __60538__ Phone: __630-906-1770__

This Addendum is entered into between the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS covering COOK, DU PAGE, GRUNDY, IROQUOIS, KANE, KANKAKEE, KENDALL, LAKE, McHENRY AND WILL COUNTIES, ILLINOIS hereinafter referred to as "UNION," and

___THOMPSON'S COMMERCIAL FLOORING, INC.___

hereinafter referred to as "EMPLOYER" for the period ___JUNE 1, 1998___ through MAY 31, 2001.

The EMPLOYER and the UNION do hereby agree as follows:

1. The parties hereto agree to be bound by the terms and conditions of the Area Agreement between the MID-AMERICA REGIONAL BARGAINING ASSOCIATION and the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS for the period June 1, 1998, through May 31, 2001, except as modified by this agreement.

2. (a) There shall be established a Flooring Installation Helper Program. Helpers may deliver materials to a staging area and, on occupied residential and occupied commercial work may also be utilized to move furniture and or dispose of old floor covering materials that have been removed from the floor. Occupied residential work shall include residences which had been occupied but which are temporarily vacant. Helpers may be utilized on warehouse work.

(b) An Employer who employs four (4) Journeymen and an Apprentice may hire one (1) Helper. Additional Helpers may be hired so long as the ratio of one (1) Helper for each four (4) Journeymen and Apprentice is maintained. At no time will this ratio be exceeded.

(c) Employer must register each Helper with the Union. Any employee who is not registered with the Union or indentured under the Apprentice Program shall be paid as a Journeyman and the Employer may be precluded by the Union from using Helpers for a period of six (6) months. To register a Helper, the Employer must give written notice to the Union on Company Letterhead, providing the name, social security number, address and telephone number of the Helper and the date on which the Helper will first be employed. The notice must also contain a statement that the Helper is at least 17 years of age and resides in Cook, DuPage, Grundy, Iroquois, Kane, Kankakee, Kendall, Lake, McHenry or Will Counties.

(d) After being in the employ of the Employer for a period of one (1) year, the Employer may, upon its own initiative or at the Helper's request, sponsor the Helper for participation in the Chicago District Council of Carpenters Apprentice and Trainee Program. Such program shall accept such Helper so long as the requirements of the Apprentice and Trainee Program are met. Employer agrees

the Area Agreement. In the event the Committee, by majority vote at any meeting at which a quorum is present, determines that a willful violation has occurred, the violator shall be assessed as liquidated damages the sum of one thousand ($1,000) dollars for a first offense and two thousand ($2,000) dollars for a second or subsequent offense (such amount shall be increased to four thousand ($4,000) dollars upon the unanimous consent of the Committee). The assessment shall be payable to the Chicago District Council of Carpenters Apprentice and Trainee Program and shall be deemed a financial obligation to such program enforceable by the Trustees thereof. This provision is adopted on a test basis for the term of this agreement only and shall expire unless renewed by the Specific agreement of the Union and the Association. For a failure to pay these fines within thirty (30) days, contractor will forfeit provisions of flooring addendum until fine is paid.

6. In the event the Employer subcontracts flooring installation work, the Union shall be notified of the name and address of each subcontractor and job name and location provided that, upon receipt of such notice, the Union shall advise the Employer of any objection to such subcontractor.

7. The Employer shall semi-monthly notify the Union of the award of any flooring installation job open to public bidding (including but not limited to Federal, State, County and Municipal jobs) that has been open to bid by three (3) or more contractors, and the approximate starting date and location, on forms furnished by the Union.

8. Amend Paragraph 6 of Section 25.5 by deleting the word "and" in the first line. The sentence would then begin: "The take-up, relaying, spreading of all adhesives . . ."

9. An employee who is required to use his automobile to carry the Employer's materials or the Employer's tools shall be compensated at the rate of $4.00 per day.

10. The Employer shall notify an employee that he is not to report to work on the next following day, provided such Employee calls in to the Employer between 4:00 and 4:30 p.m. An employee who calls in and is not advised not to report to work, but who is later advised not to report shall receive two (2) hours of pay.

11. Article 6-1

(a) Where the Employer and/or the members request an adjusted work schedule for a 7:00 a.m. start, a letter or fax from the company to the Business Representative requesting same must be signed by all members of the shop, provided that working on an adjusted work schedule shall be voluntary with each employee, one (1) letter is needed for the duration of the contract.

(b) Starting time between 5:00 a.m. and 9:00 a.m.

Where an Employer request an adjusted work schedule upon five (5) days or less written notice to the Business Representative, the Union shall grant an adjusted work day which shall be voluntary with each employee. If section "b" causes a problem as determined solely by the Union on the job in regards to the other trades, the permit shall be rescinded by the Union.

(c) If any member who refuses to work the adjusted work day schedule and loses time or their job because of the adjusted work day, the member must register their complaint with the Union within two (2) working days, then matter will be resolved by Article XVIII, Settlement of Disputes.

12. The term of this agreement is June 1, 1998 through May 31, 2001.

(a) June 1, 1998 through May 31, 1999 - $1.60 per hour increase

June 1, 1999 through May 31, 2000 - $1.50 per hour increase

June 1, 2000 through May 31, 2001 - $1.50 per hour increase

To be allocated by Union

(b) For the term of the agreement, the 175 Hour Cap will remain in effect providing the Health and Welfare reserves do not fall below 53% of the previous twelve-month operating expenses. Monitoring mechanism to be resolved.

(c) Member Letter - Safety Training and Professionalism

Two of the subjects discussed in connection with our collective bargaining negotiations with the PFIA are the increased emphasis which is being placed on safety training and professionalism of our installers.

It is obvious from our negotiations that the Employers are going to be giving preference in hiring to individuals who have completed Haz-Com Training and who have completed the OSHA Safety Training course. It is important for you to complete these training courses in order to enhance your opportunities for employment.

We are pleased to advise you that these courses are being taught at the George Vest, Jr. Training Facility in Elk Grove Village. The courses will be offered in the evening, Monday through Thursday during the week and on Saturdays. You can enroll for one or more of these courses by calling Apprentice Coordinator Doug Lid at 847/640-7373.

The Employers, with very few exceptions, are pleased with the professionalism shown by our members and we urge you to continue to demonstrate the pride you take in your craft.

(d) Employer contributions to the Professional Flooring Installers Association Industry Advancement Fund (P.F.I.A.I.A.F.) of $0.03 cents per hour; the Chicago District Council of Carpenters Apprentice Training Fund of $0.25 cents per hour through December 31, 1998.

Effective January 1, 1999 through May 31, 1999:

Apprentice Training Fund reduced $0.08 cents per hour to $0.17 cents

Addition:

U.B.C. Health and Safety Fund $0.02 cents per hour
U.B.C. Apprentice and Trainee Fund $0.02 cents per hour
U.B.C. Education and Development Fund $0.02 cents per hour
Carpentry Cooperation Promotional Fund $0.02 cents per hour

13. There shall be established a Joint Labor-Management Committee composed of two (2) representatives of each of the Association and the Union. The Committee will meet not less than quarterly to consider and study industry problems and solutions, including but not limited to (1) standards of performance, (2) productivity; (3) work rules and other matters of common concern.

IN WITNESS WHEREOF, the parties have executed this Agreement on this

_____ 23RD _____ day of ____ JULY ____ 19 _98_ .

| EMPLOYER | CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS |
|---|---|

CECIL THOMPSON
(Print or type name)

By: _Cecil Thompson_ (Signature)

By: _Kenneth Borg_ (Signature)

PRESIDENT
(Title)

to employ such person as an Apprentice subject to current apprentice rules. Upon being hired, a Helper shall be advised on the eligibility requirements for the Apprentice and Trainee Program.

(e) If employed on a jobsite, a Helper may only work when a Journeyman is also working at the same jobsite. A Helper on an occupied residential jobsite shall be permitted to assist a Journeyman in unloading floor covering materials from a truck, moving furniture, removing old floor covering material and scrapping up the job. A Helper on occupied commercial work shall be restricted to the delivery of material to a staging area and the moving of furniture and; also be allowed to dispose of old floor covering materials that have been removed from the floor. A Helper shall not work with the tools of the trade in the installation of any old or new floor covering materials.

(f) No more than one (1) Helper per Journeyman may be employed on any one (1) jobsite.

(g) At no time will the hiring of a Helper result in the layoff of any Journeyman or Apprentice.

(h) The basic wage rate of a Helper will be 33.3% of current Journeyman's rate. Employers agree to provide each Helper with either coverage under the Chicago District Council of Carpenters Funds or provided Hospital and Surgical benefits under a plan to be no less favorable than "80/20" coverage. The Employer must submit Health Care Providers name, policy number and days of employment until covered if this plan is used. The Employer must also provide insurance coverage under this plan until employee becomes covered under Chicago District Council of Carpenters insurance, provided they are still employed.

(i) A Helper, upon completing seven (7) days of employment or before, shall join the Union and pay the initiation fee, dues and other charges uniformly paid by Helpers.

(j) The Employer shall make contributions on each hour worked by Helpers at current rate to the Chicago District Council of Carpenters Apprentice and Trainee Program which shall be filed with and added to the Employers' Welfare Report each month.

3. There shall be established a variable work week for flooring installation to be used on occupied residential work only. This work week shall run from Tuesday through Saturday on a week-to-week basis and shall be voluntary on the part of each employee. An employee working a variable work week shall not work on the Monday next following such work week, unless he is paid a premium for such work.

## OVERTIME

4. Overtime flooring installation work on occupied commercial and occupied residential work other than work performed on Sundays and Holidays shall be paid at the rate of time and one-half.

EXAMPLE:

(a) Occupied sites are defined as sites that cannot be worked in during the regular work day because it would disrupt the normal operation to the tenant's business.

(b) If the area is being rehabbed, it is not considered occupied.

(c) If other trades are in the way and you have to work overtime, overtime provisions apply as set forth in the area agreement.

5. There shall be established a joint Labor-Management Committee which shall be composed of six (6) members, three (3) appointed by Union and three (3) appointed by Professional Flooring Installers Association. The representatives of either party may be appointed on a rotation basis. Each member shall have one (1) vote in all matters coming before the Committee. The Committee shall adopt its own by-laws as soon as practicable after its initial members have been appointed. The Committee shall be empowered to hear complaints brought against any Employer alleging violation of the Helper Program. The variable work week rules and the rules regarding notification of subcontracting, all as provided in the Agreement. Such claims of violation shall not be subject to the grievance and arbitration procedure. Complaints against the Union shall be subject to ARTICLE XVIII of

DOCKETED

NOV 2 1 2003

(CT 3)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

JUDGE MORAN

03C 8351

## Civil Cover Sheet

MAGISTRATE JUDGE KEYS

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

Plaintiff(s): **CHICAGO DISTRICT COUNCIL OF CARPENTERS PENSION FUND, et. al.**

County of Residence: COOK

Plaintiff's Atty: Ms. Amy Elizabeth Paluch Epton
Whitfield & McGann
2 N. LaSalle St., Suite 1601
Chicago, IL 60602
312-251-9700

Defendant(s):**THOMPSON'S COMMERCIAL FLOORING, INC.**

County of Residence:

Defendant's Atty:

FILED-ED5
03 NOV 20 PM 4: 43
CLERK
U.S. DISTRICT COURT

II. Basis of Jurisdiction:  **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties (Diversity Cases Only)
Plaintiff:- **N/A**
Defendant:- **N/A**

IV. Origin :  **1. Original Proceeding**

V. Nature of Suit:  **791 E.R.I.S.A**

VI.Cause of Action:  **29 U.S.C. Sections 1132 and 185**

VII. Requested in Complaint
Class Action:
Dollar Demand:
Jury Demand:

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature:

Date: Nov 19. 2003

**DOCKETED**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

NOV 2 1 2003

FILED-ED5
03 NOV 20 PH 4:43
CLERK
U.S. DISTRICT COURT

**In the Matter of**

CHICAGO DISTRICT COUNCIL OF CARPENTERS PENSION FUND, et. al.,

v.

THOMPSON'S COMMERCIAL FLOORING, INC.

JUDGE MORAN

**03C 8351**

Case Number:

MAGISTRATE JUDGE KEYS

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**
Plaintiffs

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| **Amy Elizabeth Paluch Epton** | **Terrance B. McGann** |
| FIRM | FIRM |
| **Whitfield & McGann** | **Whitfield & McGann** |
| STREET ADDRESS | STREET ADDRESS |
| **2 N. LaSalle Street, Suite 1601** | **2 N. LaSalle Street, Suite 1601** |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| **Chicago, Illinois 60602** | **Chicago, Illinois 60602** |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| **(312) 251-9700** | **312-251-9700** |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| **6278817** | **6199967** |
| MEMBER OF TRIAL BAR? YES (NO) | MEMBER OF TRIAL BAR? (YES) NO |
| TRIAL ATTORNEY? YES (NO) | TRIAL ATTORNEY? (YES) NO |
| | DESIGNATED AS LOCAL COUNSEL? YES NO |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES NO | MEMBER OF TRIAL BAR? YES NO |
| TRIAL ATTORNEY? YES NO | TRIAL ATTORNEY? YES NO |
| DESIGNATED AS LOCAL COUNSEL? YES NO | DESIGNATED AS LOCAL COUNSEL? YES NO |

┗3